UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**Dennis D. Patterson**

Debtor

Chapter 13

Case No. 14-20957

# CHAPTER 13 PLAN

The debtor (hereinafter "debtor") proposes the following plan. The debtor submits the following income and property to the trustee for the execution of the plan.

1. Plan Payments.

   (A) Base Plan:

      (1) The debtor will pay the trustee $826.00 per month for 54 months, starting within 30 days after the commencement of the case or its conversion to Chapter 13, whichever is later.

      (2) The debtor will also pay the trustee the following: none.

      (3) The total base plan amount is $44,604.00.

   (B) The plan shall be 54 months long.

   (C) In addition to the base plan amount, the debtor will pay the trustee all tax refunds (combined federal and state) in excess of $1,200 per year, per debtor.

   (D) The Applicable Commitment Period is 60 months as provided by 11 U.S.C. § 1325(b)(4).

2. Administrative Expense Claims.

   (A) The trustee shall pay the following administrative expense claims in full:

   | | |
   |---|---|
   | (1) Trustee's statutory fees as allowed by 28 U.S.C. § 586: (Estimated to be 10% of the total plan payments.) | $ 4,460.40 |
   | (2) Debtor's attorney fees to be paid by the trustee (if any): | $ 1,500.00 |
   | (3) Other (describe): | $ 0.00 |

   (B) Administrative reserve (if any):                       $ 4,388.61

   Any unused portion of the administrative reserve shall be paid pro rata to general unsecured claims that have not otherwise been paid in full.

3. Secured Claims. Claims secured by property of the estate shall be paid as follows:

   (A) Preconfirmation Adequate Protection and Lease Payments. The trustee shall make adequate protection payments on the following secured claims and unexpired leases prior to confirmation of the plan from funds paid by the debtor as follows, pursuant to 11 U.S.C. § 1326(a)(1). A proof of claim must be filed before the trustee shall make such payments.

| Creditor Name | Collateral | Details |
|---|---|---|
| | | |

(B) <u>Ongoing Mortgage Payments</u>.

    (1) <u>By the Debtor</u>.  The debtor shall make current monthly mortgage payments directly to creditors as follows, starting with the first payment due after the filing of the petition or the conversion of the case to Chapter 13, whichever is later, unless otherwise indicated.  The debtor shall increase or decrease the payments to reflect changes in variable interest rates, escrow requirements, or similar matters.  The lien securing each claim shall not be impaired.  The underlying claim shall not be discharged pursuant to 11 U.S.C. § 1328 unless the debtor surrenders the property during the term of the plan or the Court grants relief from the automatic stay permitting the creditor to enforce its interests against the property.

| Creditor Name | Collateral |
|---|---|
| TD Bank – 1st Mortgage | Residence located at 39 Beechnut Ridge Ln, Bowdoinham, ME. Debtor to make ongoing monthly mortgage payments beginning in January, 2014. |
| TD Bank – 2nd Mortgage | Residence located at 39 Beechnut Ridge Ln, Bowdoinham, ME. Debtor to make ongoing monthly mortgage payments beginning in January, 2014. |

    (2) <u>By the Trustee</u>.  Upon confirmation, or as provided in paragraph 3(A) above, the trustee shall make current monthly mortgage payments to creditors from funds paid by the debtor as follows, starting with the first payment due after the filing of the petition or the conversion of the case to Chapter 13, whichever is later, unless otherwise indicated.  A proof of clam must be filed before the trustee shall make such payments.  The trustee shall increase or decrease the payments to reflect changes in variable interest rates, escrow requirements, or similar matters after receipt of notice of changes issued by the mortgage holder or its agent.  Payments made by the trustee pursuant to this paragraph shall constitute full periodic compliance with the existing contract between the debtor and each such creditor.  The lien securing each claim shall not be impaired.  The underlying claim shall not be discharged pursuant to 11 U.S.C. § 1328 unless the debtor surrenders the property during the term of the plan or the Court grants relief from the automatic stay permitting the creditor to enforce its interests against the property.  The debtor shall resume direct payments on these claims at the conclusion of the plan or as otherwise provided below.

| Creditor Name | Collateral | Monthly Payment |
|---|---|---|
| | | |

(C) <u>Other Secured Claims Not Paid By Trustee</u>. The following secured claims shall be paid directly by the debtor or a third party pursuant to the existing contract(s). The lien securing each claim shall not be impaired. Each claim to be paid by the debtor shall not be discharged pursuant to 11 U.S.C. § 1328 unless (i) the debtor surrenders the collateral during the term of the plan, (ii) the Court orders the return of the collateral, or (iii) the Court grants relief from the automatic stay authorizing the creditor to enforce its interests against the collateral.

| Creditor Name | Collateral | Details |
|---|---|---|
|  |  |  |

(D) <u>Arrearages on Secured Claims</u>. The trustee shall pay arrearages on secured claims to cure defaults from funds paid by the debtor as follows. Payment by the trustee of the allowed amount of arrears shall constitute a complete cure of all prepetition defaults. A proof of claim must be filed before the trustee shall make such payments. Unless otherwise provided, the amounts of arrears stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process).

| Creditor Name | Collateral | Amount of Arrears | Interest (Rate & Estimated Dollar amount) | Total Arrears and Interest (Estimated) | Payment Schedule (Pro rata, fixed payments, etc.) |
|---|---|---|---|---|---|
| TD Bank – 1st mortgage | Residence | $20,000.00 | N/A | $20,000.00 | Pro rata |
| TD Bank – 2nd mortgage | Residence | $2,000.00 | N/A | $2,000.00 | Pro rata |
| Town of Bowdoinham | Residence | $2,487.54 | 6%  $357.09 | $2,844.63 | Pro rata |

(E) <u>Secured Claims Where § 506 Not Applicable ("910 Claims")</u>. The trustee shall pay the following claims, to which 11 U.S.C. § 506 is inapplicable, in full, plus allowed interest from funds paid by the debtor as provided below. <u>See</u> 11 U.S.C. § 1325(a) "Hanging Paragraph". A proof of claim must be filed before the trustee shall make such payments. Unless otherwise provided, the claim amounts stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process).

| Creditor Name | Collateral | Claim Amount | Interest (Rate & Estimated Dollar amount) | Total Claim and Interest (Estimated) | Payment Schedule (Pro rata, fixed payments, etc.) |
|---|---|---|---|---|---|
| Five County Credit Union | 2007 Ford Taurus | $1,836.07 | $4.25% $184.41 | $2,020.48 | Pro rata |

Page 3

| Creditor Name | Collateral | Claim Amount | Interest (Rate & Estimated Dollar amount) | Total Claim and Interest (Estimated) | Payment Schedule (Pro rata, fixed payments, etc.) |
|---|---|---|---|---|---|
| Maine Revenue Service | Residence | $5,775.82 | 7% $974.06 | $6,749.88 | Pro rata |

(F) <u>Secured Claims Where § 506 Applicable ("Non-910 Claims")</u>. The trustee shall pay the following secured claims, to which 11 U.S.C. § 506 is applicable, in full or to the lesser extent of the value of the collateral plus allowed interest, from funds paid by the debtor as provided below. A proof of claim must be filed before the trustee shall make such payments. **Unless stated otherwise, confirmation of the plan is a judicial determination pursuant to 11 U.S.C. §§ 506(a) and 1327(a) that the value of the collateral is the amount set forth below at "allowed claim amount."** Any undersecured portion of such claim shall be treated as unsecured.

| Creditor Name | Collateral | Allowed Claim Amount | Interest (Rate & Estimated Dollar amount) | Total Claim and Estimated Interest | Payment Schedule (Pro rata, fixed payments, etc.) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

(G) <u>Collateral To Be Surrendered</u>. The debtor consents to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit the following creditors to enforce their state-law interests against the following collateral. Any deficiency claim filed by such creditor following the disposition of such collateral will be treated as unsecured. The debtor's consent does not affect the interests of the trustee or any co-obligor.

| Creditor Name | Collateral | Details |
|---|---|---|
|  |  |  |

(H) <u>Cessation of Trustee Payments Upon Relief from Automatic Stay</u>. The trustee is authorized to cease payments on the secured portion of any claim where either (1) the holder of the claim is granted relief from the automatic stay to permit it to enforce its interests against the collateral under state law *immediately*, or (2) the holder of the claim is granted relief from the automatic stay conditionally (such as in an adequate protection order) where the holder would be permitted to enforce its interests against the collateral under state law *upon the occurrence of a specific event* and such event has occurred.

4. Executory Contracts & Unexpired Leases.

(A) <u>Assumption</u>. The following executory contracts and unexpired leases are assumed. The debtor shall pay directly all payments due under the terms of the agreement(s) between the debtor and each creditor after the filing of the bankruptcy or the conversion of the case to Chapter 13, whichever is later, according to the existing agreement(s).

| Creditor Name | Leased Property (if applicable) | Details |
|---|---|---|
|  |  |  |

(B) <u>Cure of Defaults</u>.   Monetary defaults on any executory contract or unexpired lease assumed by the debtor shall be cured by payment of prepetition arrears by the trustee from funds paid by the debtor as follows.  Payment will be made concurrently with payment to secured claims.  Payment by the trustee of the allowed amount of such arrears shall constitute a complete cure of all prepetition monetary defaults.   A proof of claim must be filed before the trustee shall make such payments.  Unless otherwise provided, the arrears stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process).

| Creditor Name | Leased Property (if applicable) | Amount of Arrears | Interest (Rate & Estimated Dollar amount) | Total Arrears and Interest (Estimated) | Payment Schedule (Pro rata, fixed payments, etc.) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

(C) Any executory contract or unexpired lease not assumed is rejected upon confirmation of the plan.

5. <u>Priority Claims</u>.  Unsecured claims entitled to priority under 11 U.S.C. § 507(a) shall be paid as follows.  Unless otherwise provided, the amounts of priority claims stated below are estimates only, and the actual allowed amounts shall be subsequently determined (such as through the claims allowance process).

(A) <u>Domestic Support Obligations</u>.   (**CHECK ONE**)

(1) ☒ The debtor has no domestic support obligations; or

(2) ☐ The debtor has one or more domestic support obligations.

(a)   The debtor shall pay all post-petition domestic support obligations directly to the holder of each claim; and

(b)   The trustee shall pay the following claims for arrears on domestic support obligations, in full, unless otherwise indicated.  A proof of claim must be filed before the trustee shall make such payments.

| Creditor Name | Claim Amount |
|---|---|
|  |  |

(B) <u>Other Priority Claims</u>.  The trustee shall pay the following priority claims, in full, unless otherwise indicated.  A proof of claim must be filed before the trustee shall make such payments.

Page 5

| Creditor Name | Nature of Priority (such as tax obligations) | Claim Amount |
|---|---|---|
|  |  |  |

6. <u>General Unsecured Claims</u>. The trustee shall pay unsecured claims not entitled to priority from funds paid by the debtor as follows. The debtor estimates the total of all general unsecured (including undersecured) claims to be **$37,911.06**.

   (A) <u>Classes One and Two</u>.

   (1) <u>Class One.</u> Class One consists of all general unsecured claims not otherwise specifically described.

   (2) <u>Class Two ~ Small Claims</u>. A "small claim" is any general unsecured claim that is $50 or less, which the trustee shall pay in full, or any general unsecured claim greater than $50 for which the pro rata dividend would be less than $50, on which the trustee shall pay a dividend of $50. Small claims may be paid promptly at the discretion of the trustee.

   (3) <u>Minimum Distribution</u>. The total to be paid by the trustee to Class One and Class Two (Small Claims) shall be at least $640.00, with each Class One claim to receive a pro rata share of the funds available after payment of Small Claims. The actual amount to be paid on each Class One claim shall be determined later in the case.

   (B) <u>Other Classes</u>. Describe, if applicable: N/A

7. <u>Interim Distribution</u>. Interim Distribution may be made pursuant to court order to provide adequate protection and/or payment to undisputed and timely filed secured, priority, executory contract and unexpired lease claims as provided by the plan.

8. <u>Liquidation Test ~ 11 U.S.C. § 1325(a)(4)</u>. If the debtor's estate were liquidated under Chapter 7 rather than reorganized under Chapter 13, the amount that would be paid on priority and general unsecured claims is at least $640.00. The debtor certifies that at least this cash amount will be paid to the Chapter 13 trustee for the benefit of allowed general and priority unsecured creditors.

9. <u>Jurisdiction Retained</u>. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the Court's jurisdiction, notwithstanding 11 U.S.C. § 1327(b).

10. <u>Special Provisions</u>. The following other special provisions of the plan appear on the attached separate schedules as indicated. **(CHECK ALL APPLICABLE BOXES)**

    (A) ☒ No other special provisions.

    (B) ☐ Schedule I – Co-debtor matters (11 U.S.C. §§ 1301 and 1322(b)(1))

    (C) ☐ Schedule II – Lien avoidance (11 U.S.C. § 522)

    (D) ☐ Schedule III – Sale of property (11 U.S.C. § 363)

    (E) ☐ Schedule IV – Injunctive relief (Fed. R. Civ. P. 2002(c)(3) and 7001(7))

    (F) ☐ Schedule V – Other

Date:  December 17, 2014

Signed:
  */s/ Dennis D. Patterson*
  Dennis D. Patterson, Debtor

Date:  December 17, 2014

  */s/ Jennifer G. Hayden*
  Jennifer G. Hayden, Esq.
  Attorney for Debtor(s)
  Molleur Law Office
  419 Alfred Street
  Biddeford, Maine 04005-3747
  207-283-3777
  jen@molleurlaw.com

## PLAN RECONCILIATION

| | |
|---|---:|
| Plan Total | $ 44,604.00 |

DISBURSEMENTS:

| | |
|---|---:|
| Trustee Statutory Fees | $4,460.40 |
| Attorney Fees Through Plan | $1,500.00 |
| Administrative Expense Reserve | $4,388.61 |
| Other Administrative Expense Claims | $0.00 |
| Secured Claims Including Interest | $33,614.99 |
| Unexpired Leases & Executory Contracts Including Interest | $0.00 |
| Priority Claims Including Interest | $0.00 |
| General Unsecured Claims: Class One and Class Two | $640.00 |
| General Unsecured Claims: Special Classes | $0.00 |
| Other: (describe) | $0.00 |
| Total Disbursements (Should Equal Plan Total) | $ 44,442.00 |